NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## CHARLES A. SISCO, PETITIONER, v. BENJAMIN EAST-WOOD COMPANY, RESPONDENT.

**Alleged Injury to Wrist of Petitioner—Treated For Injury and Returned to Work in Two Days—Afterward Laid Off—Claim of Respondent That the Permanent Injury Now Complained of was Not Received in Course of Employment.**

On petition for compensation. On determination and rule for judgment of dismissal.

\*    \*    \*    \*    \*    \*    \*    \*

The petitioner contended that on January 5th, 1926, about eight-thirty A. M., his left wrist was caught in the belt of a machine; that he reported at once to the office and was sent to Dr. Neer, who had X-rays taken that day; that he returned to work about two days thereafter and continued until he was laid off at the office. He complained of his wrist having swollen since; inability to do heavy lifting as formerly, and that he had been to Dr. Neer for some treatment. It further appeared that he admitted fracturing both wrists and elbow five years ago, taking an examination at the Paterson fire department, falling from a ladder. The wrist in question was broken at that time.

Dr. William Neer, called as a witness by petitioner, testified that Sisco was sent to him on December 23d, 1925, giving history of injury to left wrist. Examination disclosed a sprain of left wrist. He sent him to Dr. Golding for X-ray, and the findings indicated an old colles fracture of left wrist. Fracture had healed with lower fragment tilted backward, resulting in permanent silver fork deformity; no evidence of recent fracture or dislocation. The doctor described the treatments he rendered, stating that the effect of the sprain was slight; that the man was working and it was his opinion that he did not have any disability, temporary or

permanent, as a result of this injury.  He did have an old fracture which was not caused at this time.

The respondent produced the testimony of Dr. Golding, who took the X-ray; Dr. Clay; Mr. Whitmore, foreman, and Mr. O'Herne, payroll man.  Without commenting in detail upon their testimony, I am satisfied from the evidence that claimant has not and did not sustain the burden required of him to prove a compensable injury, as claimed.  The unrefuted medical evidence indicates an old fracture of the wrist, not caused or aggravated by this alleged, described occurrence, and the effect of the present claimed injury was that of a mild sprain which would not and did not interfere with his vocational activities.  I have also given due consideration to Dr. Clay's testimony and that of the other witnesses produced by respondent, and upon the evidence presented, I am impelled to the conclusion that the claim is not sustained and the petition should be dismissed.

\*        \*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*